IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.  Crim. No. 2:00cr119

**WILLIAM MCKINLEY WILLIAMS,**
  **Defendant.**

## OPINION AND ORDER

Before the Court is Defendant William McKinley Williams' "Motion to Modify Terms of Imprisonment Pursuant to Title 18 U.S.C. 3582(c)(2)." Williams' Motion is **DENIED**.

**I.  Background**

On August 14, 2000, Defendant pleaded guilty to two counts of a five-count indictment. Count One charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count Two charged Defendant with conspiracy to distribute cocaine base in violation 21 U.S.C. § 846.

The maximum penalty for Count One, the felon in possession of a firearm charge, was ten years imprisonment. This penalty was increased, however, to a statutory minimum term of imprisonment of fifteen years and a maximum term of life imprisonment because Defendant qualified as an "armed career criminal" under 18 U.S.C. § 924(e)(1). This was so because Defendant had two prior felony convictions of a controlled substance offense in addition to the controlled substance offense for which he pleaded guilty in Count Two. The statutory penalty for Count Two was a mandatory minimum of five years imprisonment up to a maximum term of forty years imprisonment, as Defendant was attributed with 21.74 grams of cocaine base. See 18 U.S.C. 841(B).

Given the nature of Defendant's motion, each step leading to Defendant's sentencing range under the United States Sentencing Guidelines must be explained. Defendant's Presentence Report was prepared on October 4, 2000. Under the Guidelines, the base offense level for being a felon in possession of a firearm was 24. U.S.S.G. § 2K2.1(a)(2).[1] This level was then increased in this case by two because Defendant possessed a stolen firearm. Id. § 2K2.1(b)(4). Four levels were then added because Defendant possessed a firearm in connection with another felony. Id. § 2K2.1(b)(5). Thus, for Count One, according to the Presentence Report, Defendant's total offense level added up to 30.[2]

With respect to Count Two, Defendant was attributed with 21.74 grams of cocaine base. The base level for conspiracy to distribute at least 20 grams, but less than 35 grams of cocaine base, was 28. Id. § 2D1.1(c)(6). Thus, for Count Two, Defendant's total offense level was 28.

Under the Sentencing Guidelines, all counts involving substantially the same harm shall be grouped together into a single group. Id. § 3D.1.3. In this case, the adjusted offense level for Counts One and Two resulted in 30, which was the highest adjusted offense level based on Counts One and Two. When decreased by three levels due to Defendant's acceptance of responsibility, the offense level total ordinarily would have been 27. Id. § 3E1.1.

This analysis changed, however, because, according to the Presentence Report, Defendant

---

[1]Throughout this opinion, whenever the Court refers to the United States Sentencing Commission Guidelines, it is referring to the Guidelines Manual for the year 2000, which was issued "incorporating the guideline amendments effective November 1, 2000."

[2]As explained infra, Defense Counsel objected to Defendant being given a base offense level of 30 because U.S.S.G. § 2K2.1, which applied with respect to Defendant's possession of a firearm, provides that the "cumulative offense level shall not exceed 29." As the Court observed at the sentencing hearing, however, this objection was ultimately "academic" because Defendant was determined to be a career offender, placing him at an offense level of 37 under U.S.S.G. § 4B1.1.

met the definition of a "career offender" under § 4B1.1 of the United States Sentencing Guidelines, giving him a total offense level of 37 because the statutory maximum for the offenses charged was life imprisonment.[3] Section 39 of the Presentence Report explained that Defendant was designated as a career offender based on his two prior controlled substance offenses:

> The defendant was over the age of 18 years old at the time of the instant offense, the instant offense before the Court is a felony involving a controlled substance offense and the defendant does have two prior felony convictions of a controlled substance offense. Therefore, the defendant is deemed a Career Offender, in accordance with 4B1.1 of the U.S.S.G. As a result, his Offense Level total for this offense is 37 and the Criminal History Category is VI.

When decreased by three levels due to Defendant's acceptance of responsibility, the total offense level total was 34. Additionally, because Defendant was designated a career offender, Defendant

---

[3]Under the Guidelines Manual issued on November 1, 2000, §4B1.1 provided:

> A defendant is a career offender is (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

| Offense Statutory Maximum | Offense Level* |
|---|---|
| (A) Life | 37 |
| (B) 25 years or more | 34 |
| (C) 20 years or more, but less than 25 years | 32 |
| (D) 15 years or more, but less than 20 years | 29 |
| (E) 10 years or more, but less than 15 years | 24 |
| (F) 5 years or more, but less than 10 years | 17 |
| (G) More than 1 year, but less than 5 years | 12 |

*If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

was placed criminal history category of VI.[4] At a 34/VI, Defendant faced a guideline range of 262 to 327 months imprisonment. Id. § 5(A).

The Government represented on October 6, 2000 that it did not dispute the Presentence Report. On October 25, 2000, Defendant stated the following objections:

> 1. Defense counsel objects to the two (2) level increase for possession of a stolen firearm when it is clearly stated that the cumulative offense level determined above shall not exceed 29. See 2K2.a(b)(4). The cumulative offense level as calculated by the Probation Officer is 30 and accordingly, 2K2.a(b)(4) should not apply. The correct adjusted offense level sum should be 28 reduced by three levels for Acceptance of Responsibility for a total of 25. Defense counsel concedes this issue may be moot if the Court decides that the defendant is an "Armed Career Criminal" under 4B1.4.
>
> 2. Defense counsel objects to the Probation Officer's failure to address (in paragraph 46) the defendant's age (5H1.1) and medical condition . . . .

Def.'s Position with Respect to Sentencing Factors at 1-2.

On November 8, 2000, the day before the sentencing hearing, the Government submitted a § 5K1.1 Motion based on Defendant's substantial assistance. On November 9, 2000, Defendant's sentencing hearing was held. At the hearing, the Court concluded that Defendant's first objection to his Presentence Report, which related to the two-level enhancement, was "academic" and that "there [was] no way [it] could hold that Mr. Williams is not a career criminal." Sent. Trans. at 2. Although the Court thought the sentence Defendant faced under the Guidelines was "horrendous," it noted that the Government's 5K1.1 Motion would reduce the sentence. Id. In response, Defense

---

[4]Regardless of his career offender status, Defendant would have been placed in a criminal history category of VI because he had 17 criminal history points. A criminal history category of VI requires at least 13 criminal history points. U.S.S.G. § 5(A).


Counsel stated that he agreed with the Government's proposal that an "appropriate sentence" in Defendant's case based on his assistance to the Government was the fifteen-year mandatory minimum required by 18 U.S.C. § 924(e)(1). After adopting the findings contained in the Presentence Report that Defendant's total offense level was 34 and his criminal history category was VI, the Court departed from the 262 to 327 imprisonment range based upon the Government's §5K1.1 Motion and sentenced Defendant to 180 months.

On June 20, 2005, Defendant moved this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). According to Petitioner, his sentence was improperly enhanced under 18 U.S.C. § 924(e), the Armed Career Criminal Act, which provides a mandatory minimum sentence of fifteen years imprisonment when a defendant has three prior convictions for a "violent felony." Def.'s Mot. to Modify at 1. In addition, Petitioner maintains he was improperly given a two-level enhancement for "the same [u]nderlying gun conviction." Id. He urges that Amendment 599 to the United States Sentencing Guidelines, which became effective on November 1, 2000, nine days prior to his sentencing, should have been applied to his sentence. He also appears to maintain that, if this commentary to U.S.S.G. § 2K2.4 had been applied to his Pre-Sentence Report, he would not have received a two-level enhancement under that provision. Finally, Petitioner also states, although "Counsel for the Petitioner filed two (2) objections prior to the sentencing hearing . . . the record shows that the Presentence Report was not challenged by counsel of record or by the Government at sentencing, therefore the court was not required to making any findings of fact pursuant to Rule 32(c)(1)."

**II.     Analysis**

Section 3582(c)(2) of Title 18 of the United States Code provides that the Court may not

modify a term of imprisonment once it has been imposed except:

> . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Although the plain language of the statute would appear to limit § 3582(c)(2) motions to only those instances where a sentencing range has been lowered, the United States Court of Appeals for the Fourth Circuit has read § 3582(c)(2) broadly. United States v. Goines, 357 F.3d 469, 475 (4th Cir. 2004). More to the point, the Goines court concluded that a defendant may rely on Amendment 599, as Defendant did here, to support a § 3582(c)(2) motion. Id. at 480. The appellate court also explained that a clarifying amendment such as Amendment 599 "must be given effect at sentencing and on appeal, even when the sentencing court uses an edition of the guidelines manual that predated adoption of the amendment." Id. at 475.

The Court declines to modify Defendant's sentence pursuant to § 3582(c)(2) for the following reasons. First and foremost, Defendant's argument that his sentence was "improperly enhanced" pursuant to 18 U.S.C. § 924(e) is an inappropriate argument pursuant to a § 3582(c)(2) motion. As the Commentary to § 1B1.10 of the Guidelines notes, "[e]ligbility for consideration under 18 U. S. C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) [of § 1B1.10] that lowers the applicable guideline range." Section 3582(c)(2) thus relates to certain amendments to the Sentencing Guidelines and not to the application of statutes, namely, 18 U.S.C. § 924(e) in this case. Similarly, § 3582(c)(2) is also not the proper avenue for challenging ineffective assistance of counsel. The proper course to challenge the application of the statute and

6

counsel's effectiveness is either on direct appeal, if the right to appeal has not been waived, or by means of a habeas petition. See Walker v. United States, 2003 WL 23617332, *1 (E.D.Va. 2003) (noting that § 3582(c) only gives the district court the authority to consider the effect of retroactive sentencing amendments).

Defendant's argument related to the two-level enhancement he received under the § 2K2.1(b)(5) of the Sentencing Guidelines is therefore the only argument remaining that arguably has been properly brought pursuant to a § 3582(c)(2) motion. Defendant argues that Amendment 599, which had been passed just prior to his sentencing, was not taken into account in his case. The problem with Defendant's argument is that, just as the Court observed at the sentencing hearing in response to Defense Counsel's objection similar in this regard, it is academic. Defendant was found to be at a level 34/VI not because of the enhancements he received under § 2K2.1 but because he was determined to be a career offender under § 4B1.1. Moreover, Defendant's career offender status was based on his previous controlled substance offenses and not based on his felon in possession of a firearm offense. Thus Defendant's argument does not change anything, as the sentence he received was based on his career offender status and not any firearm enhancements.

In addition, even if the Court found that Defendant's two-level enhancement was not appropriate pursuant to Amendment 599 and that this somehow affected his career offender status, "this does not necessarily mean he is eligible for relief under § 3583(c)(2)." Goines, 357 F.3d at 473. This is so because the Court must also consider the sentencing factors set forth in 18 U.S.C. 3553(a) in order to modify a sentence.[5] Id. at 480. After considering these factors, the Court concludes that

---

[5]That section provides that the Court must consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

7

the term of imprisonment of 180 months it gave Defendant was and remains appropriate.

First, the nature and circumstances of the offense and the history and characteristics of the Defendant do not warrant a sentence modification. Defendant was convicted of being a felon in possession of a firearm and for conspiracy to distribute crack cocaine. He received a sentence of 180 months for each count, all to be served concurrently. As the Court noted at the sentencing hearing, Defendant has an extensive criminal record that includes, in addition to numerous drug offenses, escape from state prison, carrying a concealed weapon, assault with a deadly weapon, breaking and entering, and assault on a police officer. Given the serious nature of his offenses and his extensive criminal background, the Court would not be inclined to modify his sentence. 18

---

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . .

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

U.S.C. 3553(a)(1). These same reasons also persuade the Court that 180 months appropriately reflects the seriousness of the offenses, promotes respect for the law, deters future criminal conduct, and protects the public. 18 U.S.C. 3553(a)(2).

Finally, the Court observes that 180 months is a sentence that is significantly less than the Guideline range of 262-327 months that the Defendant faced. The "district court has broad discretion in deciding whether to depart downward and to what extent" based on a defendant's substantial assistance, and this Court exercised its considerable discretion in this regard and sentenced Defendant to 180 months. United States v. Pearce, 191 F.3d 488, 492 (4th Cir. 1999). In short, not only does Defendant's argument that he should have received a two-level reduction not alter his career offender status, it also does not alter this Court's determination that 180 months was and is an appropriate sentence under the circumstances of this case.

### III. Conclusion

For the reasons stated above, Defendant's § 3582(c)(2) motion is therefore **DENIED.** The Clerk is **DIRECTED** to send a copy of this Opinion and Order to Petitioner and to the Assistant United States Attorney.

It is so **ORDERED**.

/s/
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

July 12, 2005